**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco Ambrosio MEZA–LOPEZ,**
**Defendant–Appellant.**

No. 03–40206.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, Jeffery Alan Babcock, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Roland E. Dahlin, II, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Arturo Villarreal, III, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Marco Ambrosio Meza–Lopez (Meza) appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Meza argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Meza acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for possible further review and "to avoid later accusations of procedural default should the law change on this question."

Meza's *Apprendi* argument is foreclosed by *Almendarez–Torres*, 523 U.S. at 235, 118 S.Ct. 1219. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.